In re DALTON ELECTRIC CO.

In re JOHNSTON.
No. 1410.

District Court, S. D. Mississippi, E. D.
June 10, 1934.

467

J. O. Sams, of Meridian, Miss., for Claimant, M. P. Johnston.

George B. Neville, of Meridian, Miss., for trustee.

HOLMES, District Judge.

I have carefully considered this case upon the certificate of the referee and briefs of counsel, and think the decision of the referee is correct and should be affirmed. The excellent manner in which the referee has presented the issues and the bases of his findings thereon make it unnecessary for me to write anything further. However, without too much repetition, it may not be inappropriate for me to enlarge upon the reasons why the trustee in bankruptcy may assert as a set-off any claim against corporate officers, who lend to its stockholders money belonging to the corporation, given by section 4151 of the Mississippi Code of 1930 (section 922 of Mississippi Code of 1906), whether such claim accrues to the creditors of the corporation or to the corporation itself.

Under said section 4151, the loan is illegal and the officer is liable in damages to the corporation for a breach of a statutory duty.

This duty is to refrain from lending money to shareholders. When the right is violated, the common law gives a remedy for the wrong done. The fact that a direct remedy is given to creditors by the statute was not intended to deprive the corporation itself of the right to hold the officer to account for breach of his duty to it. Doubtless a double recovery would not be permitted, but no such question can arise here because, as will be seen later, in this case the rights of the corporation to sue a faithless officer at common law, and of creditors to sue under the Mississippi statute, are merged in the trustee in bankruptcy under sections 70a, as amended, and 47a (2) of the Bankruptcy Act, 11 USCA § 110 (a), and § 75 (a) (2).

Returning to the right of the corporation to sue an officer who has made an illegal loan of corporate funds to a stockholder of the corporation, the claim is a property right or chose in action vesting in the corporation by reason of the violation of a statutory duty. This property right passes to the trustee in bankruptcy under section 70 of the act (11 USCA § 110). For this illegal loan a direct right, remedy, or power to sue is given specified creditors by said section 4151 of the Mississippi Code of 1930. It is a right "as to property of the bankrupt" given creditors of the bankrupt by a state statute. It also passes to the trustee in bankruptcy under section 47a (2) of the Bankruptcy Act, because, under said section, the trustee does not merely stand in the shoes of the bankrupt, but occupies the status of its most favored general creditor who has obtained a judgment and holds an execution duly returned unsatisfied.

Since the amendment of 1910, decisions holding that a trustee has no other right than belonged to the bankrupt are no longer controlling. The state law controls as to what rights a lien or execution creditor would have. The argument of claimant's attorney in his brief as to lack of mutuality necessary to the right of set-off by the trustee is completely answered by this view because the wages are claimed to be due by the corporation to the officer thereof. Against the claim, the trustee seeks to offset a claim due by the officer to the corporation which passed to the trustee under said section 70. Therefore, the claim of lack of mutuality cannot be sustained against the trustee in bankruptcy, who is vested with every property right, including choses in action, which belonged to the bankrupt at the time the petition in bankruptcy was filed and, in addition, who is vested with every right, remedy, and power of a judgment creditor holding an execution duly returned unsatisfied. There is mutuality of right because any debt, counterclaim, or recoupment which either the corporation or any creditor of the corporation might assert against the claimant may be set off by the trustee in bankruptcy.